UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HELEN DANCIU,

                              **Plaintiff,**

    v.                                                              1:12-CV-1496

BRIGHTER CHOICE FOUNDATION, INC., and
BRIGHTER CHOICE CHARTER SCHOOL
FOR GIRLS,

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Helen Danciu brought this action against Defendant Brighter Choice Foundation, Inc. ("the Foundation") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2636 ("FMLA"). See dkt. # 1. An amended complaint added Defendant Brighter Choice Charter School for Girls ("the School"), alleging the same claims. See dkt. # 4. Plaintiff seeks damages for employment discrimination on the basis of race and pregnancy, and claims that her rights under the FMLA were violated when she was terminated prior to taking maternity leave. Id. The Foundation moves for summary judgement pursuant to Fed. R. Civ. P. 56, claiming: 1. the Foundation is not an employer within the coverage of the FMLA or Title VII; 2. the Foundation was not Plaintiff's employer; and 3. the

1

Foundation and the School are not a joint employer or an integrated enterprise (single employer) under either the FMLA or Title VII.  See dkt. # 17.  The Plaintiff opposes this motion, alleging that there are issues of fact pertaining to whether Defendants are a single employer or joint employers and, thus, whether Plaintiff was an employee of the Foundation within the coverage of the FMLA and Title VII.  See dkt. # 22-5 at 5-19.  Furthermore, Plaintiff claims that the Foundation's motion should be denied pursuant to Fed. R. Civ. P. 56(d) (formerly Fed. R. Civ. P. 56(f)) because discovery has yet to occur and Plaintiff does not have the necessary facts to properly oppose the Foundation's motion.  Id. at 20-23.  For the reasons that follow, Defendant Right Choice Foundation Inc.'s motion for summary judgement is denied.

## II.     STANDARD OF REVIEW

On a motion for summary judgment the Court must construe the properly disputed facts in the light most favorable to the non-moving party, see Scott v. Harris, 127 S. Ct. 1769, 1776 (2007), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see O'Hara v. National Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011).  However, "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).  Under Rule 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In addressing an argument urging a denial of summary judgment for lack of discovery, the Court is drawn between competing public policy interests. On the one hand, the Court must balance the salutary purpose of summary judgment, which is aimed at resolving legally insufficient disputes absent the expense of a fully litigated matter. Alternatively, the Court must consider the equally salutary public policy of allowing both parties, especially the non-movant, a full and fair opportunity to marshal evidence in order to address their respective positions to the Court on a Rule 56 motion. The Second Circuit has fashioned a rule which seeks to temper these equally important interests. When such an argument is raised, the non-movant (the party raising the argument) must submit an affidavit in compliance with Fed. R. Civ. P. 56(d) detailing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Hudson River Sloop Clearwater, Inc. v. Department of the Navy, 891 F.2d 414, 422 (2d Cir. 1989); see also Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)(same); see also Hoffmann v. Airquip Heating & Air Conditioning, 480 F. App'x. 110, 111-12 (2d Cir. 2012)(same).

### III.   DISCUSSION

In the case at hand, the requirements of Rule 56(d) are satisfied and, as a result, summary judgement is denied. Plaintiff's attorney filed an affidavit pursuant to Rule 56(d), see dkt. # 22, in which counsel explained that Plaintiff was actively seeking facts related to the relationship between the Foundation and the School. These facts included,

> (1) any agreements or memoranda between Defendants defining this relationship; (2) documents or communications evidencing the involvement of the Foundation in hiring and firing decisions at the School, including with respect to Plaintiff's termination; (3) documents reflecting the role of M. Christian Bender[1] at the School and the Foundation; (4) a copy of the Foundation's bylaws; and (5) communications between the School and the Foundation with respect to personnel decisions during the relevant time period.

See dkt. # 22 at 3.

Plaintiff also seeks "the categories of documents identified in the Foundation's Rule 26 disclosure which allegedly would substantiate the claims made in Mr. Bender's affidavit." Id..

Plaintiff reasonably expects these facts to create a genuine issue of material fact by demonstrating that the Foundation and the School were a single employer or joint employers thereby falling under the coverage of Title VII and the FMLA, see dkt. # 22-5 at 5-19, and that the Foundation was Plaintiff's employer, see dkt. # 22-5 at 19-20. In the Foundation's motion, it relies heavily on an affidavit by Mr. Bender. See dkt. # 17. However, there is conflicting evidence with regards to several of Mr. Bender's statements concerning other common officers shared by the Foundation and the School. While the Foundation claims that Mr. Bender is currently the only common officer between the School and the Foundation, see dkt. # 17, the Foundation also admits that Ron Racela had involvement with both Defendants for at least some period of time as he transitioned from a job with the School to a job with the Foundation, see dkt. # 24 at 8. The Court agrees with Plaintiff that further information regarding this overlap in personnel is

---

[1] Mr. Bender is the acting Executive Director of the Foundation and the Chair of the School's Board of Directors. Dkt. # 17 at 3.

necessary to determine whether the two Defendants were a single employer or joint employers and whether the Foundation was Plaintiff's employer.

Moreover, Plaintiff asserts that she cannot confirm or deny this and other allegations made by the Foundation without further discovery because "Mr. Bender [did] not attach any documents or evidence substantiating or providing any direct evidence of his claims that the School and Foundation are wholly separate entities." Dkt. # 22 at 4. The Court agrees with Plaintiff that Mr. Bender's subjective assertions are insufficient to remove all issues of fact related to the two Defendants' employment practices and additional discovery would give, at the very least, a more accurate depiction of how the School and the Foundation interact.

Plaintiff's Rule 56(d) affidavit also details the discovery efforts taken by Plaintiff thus far. It should be emphasized that the motion presently before the Court was brought prior to any discovery taking place and long before the discovery deadline will be reached. See id. at 2 & 5; compare Desclafani v. Pave-Mark Corp., No. 07-CV-4639, 2008 WL 3914881 at *8 (S.D.N.Y. 2008)(a request for additional discovery pursuant to Rule 56(f) was denied where Plaintiff was *already* "given an opportunity to take discovery . . ." and failed to do so), and Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927-28 (2d Cir. 1985)("A party who both *fails to use the time available* and takes no steps to seek more time until after a summary judgement motion has been filed need not be allowed more time for discovery absent a strong showing of need.")(emphases added). A day before the summary judgment motion was brought, Plaintiff served the Foundation with its First Set of Interrogatories and Request for Production Documents, to which the Foundation sought an extension to respond. Dkt. # 22 at 2. Plaintiff's counsel also notes

5

that Plaintiff never received the School's initial disclosures, and that the Foundation's initial disclosures "did not includes any documents but identified various categories of documents relevant to its claims on its motion for summary judgement," none of which were provided with the summary judgement motion.  Id..

Plaintiff's counsel further notes that Plaintiff has not had an opportunity to depose witnesses, including Mr. Bender, even though "[m]uch of the Foundation's motion is premised upon Mr. Bender's subjective belief that his role as Chairman of the Board of the School (and its concomitant financial and personnel duties) is completely separate from his role as the Foundation's Executive Director." Id. at 4; compare Hellstrom 201 F.3d at 97 (in which a plaintiff "was denied the opportunity to conduct discovery of any sort, and was even precluded from taking depositions" and, as a consequence, the Second Circuit reversed the trial court's grant of summary judgment to the defendant).  The Court finds that in spite of Plaintiff's efforts at discovery, she has not been afforded the discovery she deems necessary to defend the pending motion.

Plaintiff's affidavit must also demonstrate why she was unsuccessful in obtaining discovery.  It is clear from counsel's affidavit and the record that Plaintiff was unsuccessful in this instance because of the timing of the present motion for summary judgement.  Accordingly, the Court finds that Plaintiff satisfied the burden set out in rule 56(d) and, as a consequence, Defendant's motion for summary judgement is denied.

## IV.     CONCLUSION

For the reasons set forth above, Defendant Brighter Choice Foundation Inc.'s motion for summary judgment (dkt. # 17) is **DENIED**.

6

**IT IS SO ORDERED**.

DATED: July 15, 2013

Thomas J. McAvoy
Senior, U.S. District Judge